IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Charlotte Barngrover, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   1:16-cv-2793 |
| Midland Credit Management, Inc., a Kansas corporation, and Midland Funding, LLC, a Delaware limited liability company, | ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT – CLASS ACTION**

Plaintiff, Charlotte Barngrover, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Plaintiff and Defendants reside here.

**PARTIES**

3. Plaintiff, Charlotte Barngrover ("Barngrover"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendants attempted to collect a delinquent consumer debt, which was allegedly owed for a Verizon Wireless

account.

4.  Defendant, Midland Credit Management, Inc. ("MCM"), is a Kansas corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant MCM operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant MCM was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.  Defendant, Midland Funding, LLC ("Midland"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Defendant Midland operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant Midland was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6.  Defendant Midland is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

7.  Defendants MCM and Midland are both authorized to conduct business in Indiana, and maintain registered agents here, see, records from the Indiana Secretary of State, attached as Group Exhibit A. In fact, both of the Defendants conduct business in Indiana.

8. Defendants MCM and Midland are both licensed as debt collection agencies in the State of Indiana, <u>see</u>, records from the Indiana Secretary of State, Securities Division, attached as Group Exhibit <u>B</u>. In fact, both of the Defendants act as collection agencies in Indiana.

## FACTUAL ALLEGATIONS

9. More than 6 years ago, Ms. Barngrover fell behind on paying her bills, including a debt she allegedly owed for a Verizon Wireless account. Sometime after that debt became delinquent, Plaintiff learned, through counsel, that this debt was allegedly acquired by Midland, which began trying to collect upon it by having Defendant MCM send her a form collection letter, dated June 8, 2016. A copy of this collection letter is attached as Exhibit <u>C</u>.

10. This letter repeatedly urged her to pay the debt, via various settlement options, including a statement that:

\* \* \*

> Congratulations! You have been **pre-approved** for a discount program designed to save you money. Act now to maximize your savings and put this debt behind you be calling (800) 282-2644.

\* \* \*

The letter then belatedly stated:

\* \* \*

> The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid.

\* \* \*

<u>See</u>, attached Exhibit <u>C</u>.

11. The debt was time-barred, and thus, paying any portion of the debt would

not "save" the Plaintiff any money.  Moreover, the letter failed to state who would not sue or credit report – was it just MCM or MCM and its client Midland, see, Exhibit C.  In fact, neither Defendant could sue to collect the debt at issue because it was time-barred by the statute of limitations in the State of Indiana, namely Indiana Code § 34-11-2 (six years from the date of the last payment/statement).

12. Additionally, by stating that, "[I]f you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid", Defendants made it appear that they still had the option to report the debt to the credit reporting agencies.  In fact, neither Defendant could file a credit report regarding the debt at issue because no such report can be made once 7 years has passed from the date of last payment/statement.

13. The failure of Defendants to disclose that neither Defendant could sue and neither Defendant could credit report the debt is material.  In Indiana, collection agencies like MCM can, and do, file collection lawsuits for their clients and nationwide they also make credit reports for their clients.  Thus, the lack of a proper disclosure would leave the consumer without enough information to make a decision as to what to do about the collection of the debt at issue and cause them to believe Defendants' that the debt needed to be settled and/or would result in the alleged savings.

14. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

15. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692e Of The FDCPA –**
**False, Deceptive Or Misleading Collection Actions**

16.   Plaintiff adopts and realleges ¶¶ 1-15.

17.   Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).  Moreover, debt collectors are barred from threatening to take any action that the collector cannot legally take, see, 15 U.S.C. § 1692e(5).

18.   Attempts by debt collectors to collect time-barred debts violate § 1692e of the FDCPA, see, Phillips v. Asset Acceptance, 736 F.3d. 1076, 1079 (7th Cir. 2013); and, McMahon v. LVNV Funding, 744 F.3d 1010 (7th Cir. 2014).

19.   Defendants falsely stated that paying the time-barred debt would "save" Plaintiff money.  Paying a time-barred debt does not result in any "savings" to a consumer.

20.   Moreover, Although Defendants attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because: a) they failed to foreclose the possibility that MCM would not sue on the debt; b) they did not foreclose the possibility that MCM could credit report the debt; and c) they failed to foreclose that Midland could not legally sue or credit report the debt, not that MCM had simply chosen not to do so.

21.   These are materially false or misleading statements that would lead any consumer to believe that they had to pay this debt to avoid being sued, credit reported

or having to pay the full amount at some point in the future, see, Lox v. CDA, 689 F.3d 818, 826 (7th Cir. 2012), and that they would somehow save money by paying the time-barred debt.

22. Defendants form letter violates § 1692e of the FDCPA, including § 1692e(2)(A) and § 1692e(5).

23. Defendants' violations of § 1692e of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692f Of The FDCPA --
## Unfair Or Unconscionable Collection Actions

24. Plaintiff adopts and realleges ¶¶ 1-15.

25. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

26. Although Defendants attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because: a) they failed to foreclose the possibility that MCM would not sue on the debt; b) they did not foreclose the possibility that MCM could credit report the debt; and c) they failed to foreclose that Midland could not legally sue or credit report the debt, rather than that Midland had simply chosen not to do so. Moreover, Defendants' statement that paying the time-barred debt would result in Plaintiff saving money was unfair and unconscionable.

27. These are materially unfair or unconscionable means that would lead any consumer to believe that they had to pay this debt to avoid being sued or being credit

reported, see, Lox v. CDA, 689 F.3d 818, 826 (7th Cir. 2012), and that they would somehow save money by paying the time-barred debt.

28. Defendants, by attempting to collect a time-barred debt, used an unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

29. Defendants' violations of § 1692f of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

30. Plaintiff, Charlotte Barngrover, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendants attempted to collect a delinquent, time-barred consumer debt, allegedly owed for a Verizon Wireless account, via the same form collection letter (Exhibit C), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

31. Defendants regularly engage in debt collection, using the same form collection letter they sent Plaintiff Barngrover, in their attempts to collect delinquent consumer debts from other consumers.

32. The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts by sending other consumers the same form collection letter they sent Plaintiff Barngrover.

33. Plaintiff Barngrover's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all

members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

34. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

35. Plaintiff Barngrover will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Barngrover has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Charlotte Barngrover, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Barngrover as Class Representative of the Class, and her attorneys as Class Counsel;

    3.    Find that Defendants' form collection letter violates the FDCPA;

    4.    Enter judgment in favor of Plaintiff Barngrover and the Class, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

    5.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Charlotte Barngrover, individually and on behalf of all others similarly situated, demands trial by jury.

                            Charlotte Barngrover, individually and on behalf of all others similarly situated,

                            By: /s/ David J. Philipps
                            One of Plaintiff's Attorneys

Dated:  October 14, 2016

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

John T. Steinkamp   (Ind. Bar No. 19891-49)
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com